UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 20−cr−20413 |
| v. | HON. LINDA V. PARKER |
| D-1  ERIC J. SMITH, | Offense:  18 U.S.C. § 1512(b)(1) |
| Defendant. | **Maximum Penalty:** 20 years  **Maximum Fine:** $250,000  **Supervised Release:** Up to three years |

# Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant ERIC J. SMITH and the government agree as follows:

1. **Guilty Plea**

    A. **Count of Conviction**

    Defendant will enter a plea of guilty to Count One of the Information. Count One charges him with obstruction of justice, in violation of 18 U.S.C. § 1512(b)(1).

    B. **Elements of the Offense**

    The following are the elements of the crime of obstruction of justice:

1. Defendant corruptly persuaded or attempted to persuade another person;
2. Defendant acted with the intent to influence the testimony of that person in an official proceeding; and
3. The defendant acted knowingly.

A person acts "corruptly" when he acts with the purpose of wrongfully impeding the due administration of justice.

C. **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

Defendant was the elected prosecutor for Macomb County, Michigan, between 2004 and 2019.

### Obstruction of Justice

In or about September 2019, knowing that *Person A* was scheduled to be interviewed by federal law enforcement agents regarding a federal grand jury investigation of the fraud scheme described below, defendant attempted to persuade *Person A* to lie to federal law enforcement officers. Specifically, defendant attempted to persuade *Person A* to falsely state to federal law enforcement officers that the money *Person A* kicked back to defendant was a loan that defendant intended to repay.

On February 6, 2020, aware that he was being investigated by federal authorities, defendant came to the office of one of his assistant prosecutors

(*Prosecutor A*) and led *Prosecutor A* into a stairwell inside the prosecutor's office. Before doing so, defendant confirmed that *Prosecutor A* had left his cell phone in his office. Defendant did so to ensure that his conversation would not be recorded. While in the stairwell, defendant told *Prosecutor A* that the fraud scheme described below was being investigated by federal law enforcement and suggested they create a fake consulting agreement contract to justify $20,000 that the defendant had stolen from his campaign fund, $15,000 of which defendant received in cash.

On February 13, 2020, defendant came to the office of another one of his assistant prosecutors (*Prosecutor B*) and told *Prosecutor B* to leave his cell phone behind. Defendant did so to ensure that his conversation would not be recorded. Defendant then took *Prosecutor B* for a walk and told *Prosecutor B* to lie when questioned in the federal investigation of defendant. Defendant told *Prosecutor B* to falsely say that he (*Prosecutor B*) conducted campaign-related research at the offices of *Person A* in order to justify campaign "rent" payments to *Person A*.

Defendant agrees that his obstructive conduct resulted in a substantial interference with the administration of justice as defined by U.S.S.G. § 2J1.2(b)(2).

## The Fraud Scheme

During the time the defendant was the Macomb County Prosecutor, he operated a campaign fund known as Committee to Elect Eric J. Smith Prosecutor (the "campaign fund"). Between 2012 and 2019, defendant raised money for the

campaign fund by making the material representation to donors that the money they donated to the campaign fund would be spent in ways consistent with a political campaign fund. At no time did defendant tell the donors that the money they gave would be converted to defendant's own personal use.

Beginning in January 2012, defendant devised a scheme to steal money from his campaign fund by false pretenses. Between January 2012 and April 2019, defendant caused checks totaling $54,950 to be written on the campaign fund's account to *Person A* that purported to pay for "rent" of *Person A's* property for use in connection with defendant's campaign. Instead of paying for rent, the checks were cashed by *Person A* at his bank, and *Person A* kicked back the full amounts of the checks to defendant in the form of cash. Defendant used that cash for personal expenses. Defendant acknowledges that when the campaign checks were cashed during the course of this scheme, it caused wire transmissions across state lines.

On or about September 6, 2016, defendant caused a check to be written on the campaign fund's account to *Prosecutor A* in the amount of $20,000. Defendant gave that check to *Prosecutor A*, who deposited it. Defendant allowed *Prosecutor A* to keep $5,000, but directed *Prosecutor A* to kick back $15,000 in cash to defendant, which defendant later used for personal expenses. Defendant acknowledges that when the check for $20,000 was negotiated on September 6, 2016, in furtherance of this scheme, it caused a wire transmission across state lines.

2. **Sentencing Guidelines**

   A. **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B. **Agreed Guideline Range**

   The parties agree as to the applicable sentencing guideline range. The parties recommend that the defendant's guideline range is 15-21 months, as detailed in the attached worksheets. The defendant is free to argue for a sentence below the guideline range.

   The Court is not bound by the recommendation of either party, and the defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow either party's recommendation.

3. **Sentence**

   The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

   A. **Imprisonment**

   Pursuant to Rule 11(c) (1)(B), the government makes a non-binding recommendation that the sentence of imprisonment be no more than 21 months.

B.  **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release, which in this case is up to three years. The recommendation concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.  **Special Assessment**

Defendant will pay a special assessment of $100 at the time of sentencing.

D.  **Fine**

There is no agreement as to a fine.

E.  **Forfeiture**

Pursuant to Fed.R.Crim.P.32.2 and 18 U.S.C. ' 981(a)(1)(C), together with 28 U.S.C. ' 2461, defendant agrees to forfeit to the United States any and all property which constitutes proceeds obtained or derived, directly or indirectly, from his violation of 18 U.S.C. ' 1512(b)(1) (Obstruction of Justice).

Defendant also agrees, pursuant to Fed.R.Crim.P.32.2 and 18 U.S.C. ' 981(a)(1)(C), together with 28 U.S.C. ' 2461, to the entry of a personal forfeiture money judgment against him in favor of the United States in the amount of $69,950, which constitutes the amount of proceeds defendant obtained or derived, directly or indirectly, from his violation of 18 U.S.C. ' 1512(b)(1)(Obstruction of

Justice). Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of defendant. To satisfy the money judgment, defendant explicitly agrees to the forfeiture of any assets he has now or may later acquire, as substitute assets under 21 U.S.C. ' 853(p)(2). Defendant waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. ' 853(p)(1) or otherwise.

Defendant agrees to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, containing forfeiture pursuant to Fed. R. Crim. P. 32.2, and 18 U.S.C. ' 981(a)(1)(C) together with 28 U.S.C. ' 2461, including the forfeiture of the money judgment in the amount of $69,950, upon application by the United States at, or any time before, his sentencing in this case. At least two weeks prior to the sentencing date, defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the Government.

Defendant agrees that the forfeiture order will be final and effective as to him upon entry by the Court.

Defendant agrees to furnish a financial statement to the attorneys for the Government assigned to this case <u>within three weeks after his guilty plea is entered</u>, which may be used in any lawful manner to collect the money judgment amount, and which may be disclosed to any agencies or personnel of the Government for that purpose. The financial statement shall disclose and list all assets, funds and

property of any kind in which defendant has an interest, all liens and encumbrances against such assets, funds and property, and all of the defendant's liabilities. When submitted, the financial statement must be signed by the defendant under oath or as an unsworn declaration under penalty of perjury.

    F.    **Restitution**

Restitution is not applicable to defendant's offenses.

4.    **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

5.    **Other Charges**

If the Court accepts this agreement, the government will not bring any additional charges based on defendant's conduct described in this agreement.

6.    **Each Party's Right to Withdraw from This Agreement**

The recommendations in Paragraph 3 are not binding on the Court. Defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow them.

7. **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 21 months, the defendant also waives any right he may have to appeal his sentence on any grounds.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

8. **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9. **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10. **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on August 27, 2020. The government

reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney

DAVID A. GARDEY
Assistant United States Attorney
Chief, Public Corruption Unit

R. MICHAEL BULLOTTA
Assistant United States Attorney

ROBERT MORAN
Assistant United States Attorney

Dated:  August 19, 2020

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorneys' advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyers, and has had all of his questions answered by his lawyers.

MARTIN CRANDALL*
Attorney for Defendant

9-4-2020
Dated

ERIC J. SMITH
Defendant

9-3-2020
Dated

- 11 -