UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                    Case No. 20-cr-20413

v.                                        HON. LINDA V. PARKER

D-1 ERIC J. SMITH,

      Defendant.
_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO ADJOURN SENTENCING HEARING (ECF No. 28)**

On November 2, 2021, the Defendant Eric Smith filed a motion to adjourn the sentencing hearing scheduled before the Court on November 16, 2021. In his motion, Smith fails to establish a reason to justify his request, nor does he show that if his request is denied that we would be prejudiced in any way. The government asks the Court to deny the motion to adjourn.

### BACKGROUND

On September 2, 2020 an Information was filed charging Eric Smith with one count of Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(1). Smith was arraigned on September 18, 2020 before Magistrate Judge Anthony P. Patti and was released on bond.

A plea hearing was set by the Court for October 28, 2020. The hearing was adjourned to November 13, 2020 by stipulation of the parties due to the Defendant being exposed to the COVID-19 virus.

Prior to the scheduled plea hearing, the Defendant requested, and the government agreed to another adjournment because the Defendant had contracted COVID-19. The plea hearing was re-scheduled to December 17, 2020.

Once again, before the scheduled plea hearing, the Defendant requested, and the government agreed to adjourn the plea hearing because the Defendant was still recovering from the effects of his COVID-19 infection. The plea hearing was re-scheduled to January 27, 2021.

The Court conducted the January plea hearing by way of videoconferencing, and the Defendant pleaded guilty to the sole count in the Information. The Court accepted his guilty plea, and scheduled sentencing for April 27, 2021. The sentencing hearing was adjourned to October 6, 2021, because the parties agreed that an in-person sentencing hearing was appropriate in this case.

Prior to the hearing, the Defendant requested an adjournment, so that the sentencing would not conflict with an unrelated criminal proceeding of the Defendant in state court. Again, the government did not oppose this adjournment request, and the sentencing hearing was re-scheduled to November 16, 2021.

Now, the Defendant has filed a motion requesting an adjournment of the sentencing date until the preliminary examination in his state criminal case is concluded.

The Court should deny the Defendant's motion.

## ARGUMENT

<u>The Court should deny the Defendant's request to adjourn the sentencing because he has failed to state a justifiable reason for the adjournment.</u>

Trial courts have "broad discretion" to grant or deny continuances. *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983). Denial of a defendant's motion for continuance "will rarely give rise to a constitutional violation," *Landrum v. Mitchell*, 625 F.3d 905, 927 (6th Cir. 2010), and does so only if there is "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Morris*, 461 U.S. at 11-12 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). Whether a denial was so arbitrary that it violates due process depends on the circumstances of the case, "particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar*, 376 U.S. at 589. Trial judges may consider the length of delay, previous continuances, the complexity of the case, and whether denying the continuance will lead to identifiable prejudice. *Wilson v. Mintzes*, 761 F.2d 275, 281 (6th Cir. 1985).

Now, the Defendant asks the Court to adjourn the sentencing hearing yet again, until the conclusion of his state court preliminary examination. But the state criminal case has nothing to do with the case at bar. The state case involves allegations that Smith misappropriated forfeiture funds from the Macomb County Prosecutor's Office. It involves different facts, different parties, and different legal issues. Here, Smith has been convicted of Obstruction of Justice for instructing others to lie about the money he stole from his campaign fund. He fails to demonstrate why he cannot proceed with the sentencing in this case, because of the pending state case. Quite simply, he has not presented a justifiable request for delay of his sentencing or that a denial of his request would be arbitrary. More importantly, he has failed to establish that a denial of his requested adjournment will prejudice him in this case, or that his requested adjournment "would have added something" to his sentencing arguments. *United States v. Faulkner*, 538 F.2d 724, 730 (6th Cir. 1976).

After several delays, the Defendant pleaded guilty in this case. More than ten months have passed since the Court accepted his guilty plea, and his sentencing hearing has been adjourned twice before. On the eve of the hearing, he again asks for an adjournment. But he fails to identify a compelling basis why his state preliminary examination in an unrelated criminal case impacts his ability to be sentenced by this Court. More importantly, he has failed to show that a denial of

his request would prejudice him. By contrast, ten months have passed since the Defendant pleaded guilty. Given the nature of this case involving repeated obstruction of justice regarding a fraud scheme by a sitting and elected County Prosecutor, the public is entitled to a timely, final resolution of this matter. This is especially the case when the Defendant has not and cannot articulate a reasonable basis for yet further delay. The United States has agreed to repeated continuances, but the government respectfully requests that this matter go forward as scheduled by the Court.

## CONCLUSION

For these reasons, Defendant's Motion to Adjourn the Sentencing Hearing should be denied.

Respectfully Submitted,

Saima Moshin
Acting United States Attorney

*s/ Robert A. Moran*
Robert A. Moran
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9553
robert.moran@usdoj.gov
MI P46346

Dated: November 3, 2021

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Wednesday, November 3, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

        *s/ Robert A. Moran*
        Robert A. Moran
        Assistant U.S. Attorney
        211 W. Fort Street, Suite 2001
        Detroit, MI 48226
        (313) 226-9553
        robert.moran@usdoj.gov
        MI P46346